UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN HARBOR MARINA PARTNERSHIP dba SUN HARBOR MARINA,<br><br>Plaintiff,<br><br>v.<br><br>M/Y THE BELLA DOG, U.S.C.G. OFFICIAL NO. 1028404, a 1985 GOLDEN STAR MOTOR YACHT OF APPROXIMATELY 38-FEET IN LENGTH AND 12-FEET IN BEAM, AND ALL OF HER ENGINES, TACKLE, ACCESSORIES, EQUIPMENT, FURNISHINGS AND APPURTENANCES, in rem,<br><br>Defendant. | Case No.: 25-cv-51-JES-KSC<br><br>**IN ADMIRALTY**<br><br>**ORDER APPOINTING SUBSTITUTE CUSTODIAN AND AUTHORIZING MOVEMENT OF DEFENDANT VESSEL**<br><br>**[ECF No. 3]** |

Plaintiff, by and through its attorneys, Brodsky, Micklow, Bull & Weiss, LLP having appeared and made the following recitals:

1.  PLAINTIFF SUN HARBOR MARINA PARTNERSHIP, dba SUN HARBOR MARINA ("PLAINTIFF") filed its Verified Complaint herein praying the

DEFENDANT VESSEL be condemned and sold to pay their demands and for other proper relief.

2. PLAINTIFF accordingly anticipates that an Order will issue following its Application for Order Requiring Issuance of a Warrant for Vessel Arrest, requiring that the Clerk of this Court issue a Warrant for Arrest of the DEFENDANT VESSEL, and commanding that the United States Marshal for this District arrest and take into custody the DEFENDANT VESSEL and detain her in custody until further Order of this Court respecting same.

3. It is therefore contemplated that the United States Marshal will arrest the DEFENDANT VESSEL forthwith. Custody by the United States Marshal requires the services of one or more keepers, and does not include charges for wharfage and the other services usually associated with safekeeping vessels similar to the DEFENDANT VESSEL.

4. PLAINTIFF owns and operates Sun Harbor Marina, located at 5000 North Harbor Drive, San Diego, California. It has agreed to assume the responsibility for safekeeping of the said DEFENDANT VESSEL, and to act as her Substitute Custodian until further Order of this Court. It will provide, as necessary under the circumstances, the following services for the safekeeping and preservation of the DEFENDANT VESSEL, at a cost not to exceed those prevailing rates of the Port of San Diego, as described below with further particularity in the Declaration of Lisa Rustin:

   a. As soon as possible after assuming custody of the DEFENDANT VESSEL, at a cost of $200.00, photograph and/or video her interior and exterior, and prepare a written inventory of key equipment and property on the vessel which is not installed as part of the vessel;

   b. Provide ongoing custodial services at the slip where the DEFENDANT VESSEL lies or another slip within the Substitute Custodian's marina, at the marina's rate of $3.00 per foot of vessel length per day (*i.e.*, 38 ft. x $3.00 = $114.00 per day), which rate shall include wharfage services, maintenance of the insurance specified below, and

general custodial services, including periodic inspection of mooring lines/fenders to assure safe and secure mooring, daily visual inspection of the exterior of the vessel for evidence of water intrusion, tampering or any other problems, and "walk by" inspections by marina personnel. The above rate is the marina's standard rate charged for transient or guest vessels at the marina on a temporary basis.

    c.    Periodically and as deemed prudent under the existing circumstances, but no less than weekly, at the rate of $50.00 per inspection, inspect the interior of the DEFENDANT VESSEL for watertight integrity, excessive bilge water and fuel lubricant leaks. If it is determined that further action is necessary beyond those detailed herein the Substitute Custodian shall notify its counsel, so counsel can seek an appropriate Order from the Court.

    d.    Provide at rates not exceeding the usual and customary rates prevailing in the Port of San Diego additional services, including cleaning, minor maintenance, inspection of bottom by a diver for the purpose of cleaning and reporting findings regarding underwater hull, metal and zinc conditions, as such services are deemed reasonably prudent and necessary to preserve and protect the DEFENDANT VESSEL.

    e.    Engines and other machinery will be operated only as directed in a Court Order.

    f.    Provide other such services as might be required from time-to-time, by further Order of the Court.

    5.    The Substitute Custodian's responsibility shall not extend to inherent or latent defects or deficiencies in the hull, machinery or equipment, nor to any fines, penalties or costs related to the above.

    6.    The Substitute Custodian will not sell the DEFENDANT VESSEL or release her to anyone and/or let anyone aboard her, other than in the case of an emergency or as otherwise directed by the Court.

    7.    PLAINTIFF, by the Declaration of Lisa Rustin has averred that PLAINTIFF has adequate facilities and supervision at Sun Harbor Marina for the proper safekeeping of

the DEFENDANT VESSEL, and that it maintains insurance policies which protect it against occurrences of negligence during its custodianship. Those policies include: (a) a $1,000,000 per occurrence commercial general liability policy, underwritten by ACE American Insurance Company and CompWest Insurance Company; and (b) a $1,000,000 per occurrence marine general liability policy underwritten by ACE American Insurance Company and CompWest Insurance Company. Further, in said Declaration the Substitute Custodian accepts, in accordance with the terms of this Order Appointing Substitute Custodian and Authorizing Movement of the Vessel, possession of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other necessaries thereunto appertaining and belonging, which is the subject of the action herein.

8.     PLAINTIFF, in consideration of the U.S. Marshal's consent to the Substitution of Custodian, has agreed to release the United States and the Marshal from any and all liability and responsibility arising out of the care and custody of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other necessaries thereunto appertaining and belonging, from the time the Marshal transfers possession of the DEFENDANT VESSEL over to said Substitute Custodian, and said PLAINTIFF further agree to hold harmless and indemnify the United States and the Marshal from any and all claims whatsoever arising out of the Substitute Custodian's possession and safekeeping.

**THEREFORE, IT IS HEREBY ORDERED** that the United States Marshal for the Southern District be, and is hereby, authorized and directed upon seizure of the DEFENDANT VESSEL, her engines, boilers, tackle, apparel, furnishings, appurtenances, *etc*., and all other necessaries thereunto appertaining and belonging, pursuant to Warrant for Arrest to be issued by the Clerk of this Court pursuant to Order of the Court, to surrender the possession thereof to the Substitute Custodian named herein, and that upon such surrender the U.S. Marshal shall be discharged from its duties and responsibilities for the

safekeeping of the DEFENDANT VESSEL and held harmless from and against any and all claims whatsoever arising out of said substituted possession and safekeeping.

**IT IS FURTHER ORDERED** that SUN HARBOR MARINA PARTNERSHIP, dba SUN HARBOR MARINA is hereby appointed the Substitute Custodian of said DEFENDANT VESSEL, to retain the same in its custody at Sun Harbor Marina in her current slip or another one at the marina, for possession and safekeeping for the aforementioned compensation and in accordance with the Declaration of Lisa Rustin and the recitals herein contained until further Order of this Court.

**IT IS FURTHER ORDERED** that PLAINTIFF's attorney shall mail copy of this Order Appointing Substitute Custodian by First Class and Certified U.S. mail to the owner of the DEFENDANT VESSEL at his last known address,, and to any others with a known or suspected interest in the DEFENDANT VESSEL.

**IT IS SO ORDERED.**

Dated: January 14, 2025

Honorable James E. Simmons Jr.
United States District Judge